ALICIA A.G. LIMTIACO
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICHIE R. ESEIN, <br><br> Defendant. | CRIMINAL CASE NO. 15-00033 <br><br> AMENDED <br> **PLEA AGREEMENT** |

The United States and Defendant, RICHIE R. ESEIN, enter into the following plea agreement:

**Charge and Penalties**

1. Defendant agrees to waive indictment and enter a guilty plea to an information charging her with one count of Making and Subscribing a False Tax Return, Statement or Other Document in violation of 26 U.S.C. §7206(1).

2. Defendant understands and acknowledges the following:

   (a) A conviction for Making and Subscribing a False Tax Return, Statement or

- 1 -

Other Document in violation of 26 U.S.C. §7206(1) carries a maximum penalty of three (3) years imprisonment, a $250,000 fine, a one-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release order could lead to an additional term of up to one year imprisonment, pursuant to 18 U.S.C. § 3583(e)(3). Defendant agrees to pay the $100 special assessment at or before sentencing.

(b) Pursuant to 18 U.S.C. § 3663, the Court may order that the Defendant pay restitution to any victim of the offense of conviction. Defendant agrees to make restitution in the amount of at least $17,053 to the United States Internal Revenue Service, the victim in this case, and Defendant understands that the United States may seek more restitution.

## Voluntariness & Waiver of Trial Rights

3. Defendant affirms that she has read this plea agreement and fully understands it. Defendant acknowledges that she enters this plea agreement and her decision to plead guilty voluntarily, and not because of any force, threats, promises or inducements, apart from the promises and inducements set forth in this plea agreement. She agrees to plead guilty because she is in fact guilty of the charged offenses.

4. Defendant acknowledges that she understands that by entering a plea of guilty, she is waiving – that is, giving up – the following rights guaranteed to her by law and by the Constitution of the United States:

(a) the right to plead not guilty and to persist in a plea of not guilty;

(b) the right to a jury trial;

(c) the right to be represented by an attorney and, if necessary, to have the Court appoint counsel at trial and all stages of the proceedings;

(d) the right at trial to confront and cross-examine witnesses against her;

1         (e) the right to remain silent at trial, with such silence not being used against
2 her in any way;

3         (f) the right, should she choose, to testify on her own behalf and to present
4 evidence;

5         (g) the right to compel witnesses to appear at such a trial and to have them testify
6 on her behalf; and

7         (h) the right not to be prosecuted except by an indictment returned by a grand
8 jury.

9 Defendant understands that any statement she gives under oath in connection with this guilty
10 plea may be used against her by the United States in a prosecution for perjury or false statement.

11     5. Defendant recognizes that pleading guilty may have consequences with respect to her
12 immigration status if she is not a citizen of the United States. Under federal law numerous
13 crimes are removable offenses, including the offenses to which Defendant is pleading guilty.
14 Removal and other immigration consequences are the subjects of a separate proceeding,
15 however, and Defendant understands that no one, including her attorney and the Court, can
16 predict to a certainty the effect of her conviction on her immigration status. Defendant
17 nevertheless affirms that she wants to plead guilty regardless of any immigration consequences
18 that her plea may entail, even if the consequence is her automatic removal from the United
19 States. Defendant understands that removal and other unanticipated collateral consequences will
20 not serve as a ground for withdrawing her guilty plea.

21         **Elements of the Offense & Factual Basis**

22     6. Defendant understands and agrees that to establish the offense of Making and
23 Subscribing a False Tax Return, Statement or Other Document, *only for the tax year 2010,* the United States must prove

24

each of the following elements beyond a reasonable doubt:

> First: the defendant made and signed a tax return, statement, or other document for the years 2010, ~~2011, or 2013~~ which she did not believe to be true and correct as to every material matter;

> Second: the return, statement, or other document contained a written declaration that it was being signed subject to the penalties of perjury; and;

> Third: in filing the false tax return, statement, or other document the defendant acted willfully.

7. The United States and Defendant stipulate and agree to the following facts:

   (a) Defendant was born in 1974 and is a citizen of the Federated States of Micronesia.

   (b) The Territory of Guam has its own tax system based on the same tax laws and tax rates that apply to the United States. Residents of Guam who earned income on Guam were required to file their income tax returns with the Government of Guam (hereinafter "GovGuam") Department of Revenue and Taxation.

   (c) The Internal Revenue Service (hereinafter "IRS") is an agency of the Department of the Treasury of the United States of America responsible for administering and enforcing the tax laws of the United States.

   (d) The federal Earned Income Tax Credit (hereinafter "EIC") was a refundable federal income tax credit that was only available to qualifying low-income taxpayers who filed their income tax returns with the IRS. The federal EIC reduced the amount of federal income tax that a qualified taxpayer owed and, if the EIC amount exceeded the taxpayer's tax liability, the remaining EIC would have been refunded to the taxpayer. A qualified taxpayer received a larger federal tax refund by claiming the EIC.

   (e) In order to qualify for the EIC, the taxpayer must have, among other things,

earned income including wages, salaries, tips, other employee compensation, or net earnings from self-employment.

(f) A taxpayer with a qualifying child may have received a larger EIC than a similarly situated taxpayer without a qualifying child. A qualifying child must have resided in the United States and have the same principal place of abode as the taxpayer for more than one-half of such tax year.

(g) The federal Child Tax Credit (hereinafter "CTC") was a credit that reduced the tax liability for families under a certain income threshold. The CTC was available to taxpayers who have a "qualifying child" within a family. In order to qualify for the CTC, the taxpayer's children must, among other things, be under age 17 at the end of the year, have lived with the taxpayer for more than half of the year and be claimed as a dependent on the taxpayer's return, and was a U.S. citizen, U.S. national or U.S. resident alien. The CTC was phased out if the taxpayer's taxable income exceeded certain threshold amount. In some cases, the unused portion of the CTC was refundable to the taxpayer as an additional child tax credit. The amount refunded depended on the EIC, and in some cases the amount of social security and Medicare taxes paid.

(h) Residents of Guam, who earned income on Guam and were required to file their income tax returns with the GovGuam Department of Revenue and Taxation, were not eligible to claim the federal EIC, CTC and receive federal income tax refunds from the IRS.

(i) IRS procedures permitted a taxpayer to file a U.S. Individual or Joint Income Tax Return, Form 1040 or Form 1040A, electronically with an approved IRS Service Center.

(j) From June 1, 2011 through April 1, 2014, the defendant, RICHIE R. ESEIN, prepared and filed and caused to be prepared and filed on her behalf, with the IRS, and by

electronic means, one Form 1040, U.S. Individual Income Tax Return 2010; one Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents 2011; and one Form U.S. Individual Income Tax Return 2013, all of which were in the defendant's name. All the returns claimed the Earned Income Credit (EIC) and Child Tax Credit (CTC) which falsely inflated the amount of the tax refunds. All the returns also used false Oregon, California, New Jersey and Hawaii addresses to make it appear that defendant resided and worked in those states and was eligible for income tax refunds. The defendant knew that none of the returns actually entitled her to claim EIC, CTC, and receive a federal tax refund from the IRS.

(k) On or about the dates set forth below, the defendant electronically filed and caused to be electronically filed with the IRS three tax documents which were in the defendant's name, and materially false, fictitious, and fraudulent for the tax years set forth below:

| Tax Year | Approximate Filing Date | False Material Matter Claimed |
|---|---|---|
| 2010 | 06/16/2011 | *Form* 1040<br>U.S. Individual Income Tax Return 2010<br>False residence and employment in Oregon<br>False Refund Claim of $7,125 |
| 2011 | 01/22/2012 | *Form* 1040EZ<br>Income Tax Return for Single and Joint Filers With No Dependents 2011<br>False residence in California<br>False employment in New Jersey<br>False Refund Claim of $4,739 |
| 2013 | 03/12/2014 | *Form* 1040<br>U.S. Individual Income Tax Return 2013<br>False residence and employment in Hawaii<br>False Refund Claim of $5,189 |

Each tax document, *Form* 1040s [my] U.S. Individual Income Tax Return for 2010 and 2013, and *Form* 1040EZ Income Tax Return for Single and Joint Filers With No Dependents 2011, contained a written declaration that it was being signed subject to the penalties of perjury. The

defendant signed and caused to sign them, and did not believe them to be true and correct as to every material matter. All of the above-referenced tax documents falsely listed Oregon, California, New Jersey, and Hawaii as her state of residence and employment. The defendant knew that a Guam address would have caused any electronically filed tax return to be rejected and not processed by the IRS. The defendant acted willfully in filing and causing the filing of the three false Form 1040s U.S. Individual Income Tax Return for 2010 and 2013, and Form 1040EZ Income Tax Return for Single and Joint Filers With No Dependents 2011, and caused a tax loss of $17,053 to the United States.

(l) The defendant has resided and worked in the Territory of Guam. She knew that she was required to file her income tax returns with the Government of Guam ("GovGuam") Department of Revenue and Taxation. In fact, for tax years 2010, 2011, 2012, and 2013, the defendant filed her tax returns with GovGuam's Department of Revenue and Taxation. For tax years 2010, 2011, 2012, and 2013, the defendant claimed and received tax refunds from GovGuam in amounts of $7,641; $4,705; $5,072; and $5,189, respectively.

(m) The parties agree that this stipulated statement of facts is sufficient to support Defendant's guilty plea. It is made for that limited purpose and does not contain all facts relating to the underlying criminal conduct.

## Sentencing Guidelines & Procedures

8. Defendant understands and acknowledges that:

(a) The Sentencing Guidelines apply in this case. In determining a sentence, the Court is obligated to calculate the applicable sentencing guideline range and to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(b) The United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report;

(c) The Court will rely on the facts established in this case – including, but not limited to, the facts Defendant stipulates to in this plea agreement – in determining the applicable offense level and resulting guideline range;

(d) Sentencing discussions between Defendant and defense counsel or between defense counsel and the U.S. Attorney's Office are not part of this plea agreement, and Defendant is not relying on the possibility of any particular guideline range or sentence based on any such discussions;

(e) No promises or guarantees have been made to Defendant regarding either the guideline range or the sentence that will be imposed. The Court is not required to follow the Sentencing Guidelines or to accept any recommendations made by the United States or Defendant, and the Court may impose any sentence up to and including the maximum penalties set out above. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, if the Court does not accept a sentencing recommendation made by the United States, Defendant nevertheless has no right to withdraw her guilty plea.

### Sentencing Recommendations of the United States

9. The United States agrees to recommend that the Court, in determining Defendant's sentencing guideline range, apply the maximum available reduction for acceptance of responsibility. This recommendation, however, is based on facts currently known to the United States and is contingent on Defendant accepting responsibility according to the factors set forth in § 3E1.1 of the Sentencing Guidelines. The United States is free to withdraw this recommendation if Defendant has previously engaged in any conduct which is unknown to the

United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.

10. The United States agrees to recommend at sentencing that the Court impose a sentence at the low end of the applicable guideline range.

## Financial Disclosure Obligations

11. Defendant agrees to submit to the U.S. Attorney's Office, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the U.S. Attorney's Office to obtain a credit report on her to evaluate her ability to satisfy any financial obligation imposed by the Court.

12. Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for her debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in her state of residency. Defendant understands that any funds captured by an offset program will be paid towards her monetary

penalties, but does not relieve her of her obligation to pay the monetary penalties in full.

### Consequences of Breach

13. Defendant agrees that if she is deemed by the Court to be in material breach of any of her obligations under this agreement: (a) Defendant shall not be entitled to withdraw her plea of guilty made in connection with this agreement; (b) the United States may, in its discretion and at its option, declare null and void any of its obligations under this agreement; and (c) the United States may recommend whatever sentence it may deem appropriate. The issue of whether Defendant is in material breach of this agreement shall be determined by the Court in a proceeding at which the United States shall be required to establish breach by a preponderance of the evidence. Defendant understands and agrees that the Federal Rules of Evidence shall not apply at any such hearing, and that the United States may rely at the hearing on any statements or evidence Defendant may have given during cooperation with law enforcement.

### Waiver of Post-Sentencing Rights

14. Defendant voluntarily, knowingly and intelligently waives any right to appeal or to collaterally attack any aspect of her conviction including, but not limited to, any pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging her conviction in this case, other than an attack based on alleged ineffective assistance of counsel, alleged involuntariness of the Defendant's guilty plea, or alleged prosecutorial misconduct.

### Consequences of Withdrawal of Guilty Plea or Vacating of Conviction

15. Defendant agrees that if she is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated or rendered invalid for any reason, the

Court shall, at the request of the United States, reinstate any charges that were dismissed as part of this agreement. Defendant also agrees that within six months after the date the order vacating or invalidating Defendant's conviction or allowing her to withdraw her guilty plea becomes final, the United States may file additional charges against Defendant relating directly or indirectly to the conduct underlying the guilty plea. Defendant waives her right to challenge any such additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## Completeness and Effect

16. Nothing in this plea agreement shall bind any federal, state or local districts, jurisdiction or law enforcement agency, other than the United States Attorney for the Districts of Guam and the Northern Mariana Islands.

17. Defendant acknowledges that this is the only plea agreement in this case. This plea agreement cannot be modified other than by a writing signed by all parties, or by a modification acknowledged by all parties on the record in Court.

DATED: 05-20-2015

RICHIE R. ESEIN
Defendant

DATED: 5/20/15

LEILANI V. LUJAN
Assistant Federal Public Defender
Attorney for Defendant

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and the NMI

DATED: 5/27/15   By:

MARIVIC P. DAVID
Assistant U.S. Attorney